### 25126. PITTARD v. McMILLON.
### 25127. PITTARD v. CARROLL et al.

DUCKWORTH, Chief Justice. This is a proceeding in rem to quiet title brought under Ga. L. 1966, p. 443 (*Code Ann.* § 37-1411) providing for preliminary determination by a special master. The petition showed that petitioners' title had been derived through Mary Pittard and Ruth Pittard, two of the daughters of Charles H. Pittard, who devised to

his wife a life estate in all his property with power to encroach for maintenance and support and to sell for reinvestment, with a remainder to any of his daughters who were unmarried at the time of the wife's death to hold as long as they remained single and in life, with a remainder to his legal heirs. After death of the wife the court of ordinary entered an order decreeing that Mary Pittard and Ruth Pittard owned the land in fee simple. The petition also showed that petitioners' immediate predecessors in title had obtained quitclaim deeds from numerous heirs of Charles H. Pittard. However, there is no allegation of conveyances from certain heirs including appellant. After appointment of the special master, the court on June 28, 1968, ordered service by publication on two nonresident heirs, one of whom is appellant, and others whose whereabouts were unknown. It seems that service by publication was completed on or about July 26, 1968. Note that *Code Ann.* § 37-1415 (b) (Ga. L. 1966, pp. 443, 444) provides that the appearance date of a case is 30 days from the date of the order directing service on the nonresident, while *Code Ann.* § 37-1415 (c), supra, provides: "Any adverse party shall be entitled to have at least 30 days after completion of service to file any pleading he desires. . . ." On August 16 the special master made his report to the court determining that petitioners owned fee simple title in the land and on the same day the court issued a decree in accordance with the master's report. Also on the same day appellant filed a response simply stating that he claimed a 1/14 interest in the land and demanding a jury trial of any questions of fact. Appellant took this appeal from the judgment of August 16, 1968, and from a subsequent order sustaining the petitioners' motion to dismiss appellant's response. *Held:*

1. Under the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18), as amended in 1966 (Ga. L. 1966, p. 493) no ground to dismiss the appeal has been shown, and the motion to dismiss is without merit.

2. Until such time as proof of reasonable notice to the parties involved after proof of serving notice as required by the provisions of this statute has been filed, the special master has no jurisdiction to "ascertain and determine the validity, nature or extent of petitioner's title and all other interests in said land." *Code Ann.* § 37-1416 (Ga. L. 1966, pp. 443, 445).

Since it appears from the above that the adverse party has "at least thirty (30) days after completion of service to file any pleading he desires in the matter before the court," the special master was without jurisdiction to make a determination, as the time in which appellant could respond had not run. Both the report of the special master and the final judgment are premature under the facts and circumstances of this case, and the lower court erred in rendering the final judgment based thereon and in dismissing the response of the appellant.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1969—DECIDED APRIL 24, 1969.

*Joseph E. Cheeley, Albert A. Roberts,* for appellant.
*Hancock & Wilbanks, W. P. Wilbanks, Jr.,* for appellees.